UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

T<small>ONI</small> M<small>ARIE</small> B<small>ULLOCK</small>,

   Plaintiff,

v.                                                          No. 4:21-cv-0864-P

T<small>HE</small> U<small>NIVERSITY OF</small> T<small>EXAS AT</small>
A<small>RLINGTON</small>,

   Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant University of Texas at Arlington's Motion to Dismiss. ECF No. 8. For the following reasons, the Court will **GRANT** the Motion to Dismiss.

### BACKGROUND

Plaintiff Toni Marie Bullock ("Bullock") is a student at the University of Texas at Arlington ("UTA"). Pl.'s Compl. ¶ 11, ECF No. 1. In March 2018, Bullock's doctor requested that Bullock be given additional time to complete assignments due to her post-traumatic stress disorder ("PTSD") and major depressive disorder. *Id*. UTA's Office for Students with Disabilities granted these accommodations. *Id*. However, a UTA professor denied Bullock the accommodations for certain assignments because Bullock sent the accommodation letter to the professor's personal email, rather than the professor's work email. *See id*. ¶ 12. Bullock was not granted extra time until a second accommodation letter was provided, but the professor refused to retroactively apply the accommodation. *Id*. ¶¶ 12–13. As a result, Bullock received a failing grade in the class and suffered academically in all classes taught by this professor. *Id*. ¶ 13.

After Bullock filed a complaint with the Department of Education Office for Civil Rights, UTA agreed to allow Bullock to retake courses that denied her accommodations retroactively and to allow the new

grade to replace her previous grade. *Id.* ¶ 14. UTA also agreed to refund Bullock's tuition and fees relating to those courses. *Id.*

Bullock nevertheless sued UTA in state court for failure to accommodate on October 14, 2019. Pl.'s Resp. to Def.'s Mot. to Dismiss ¶ 18, ECF No. 13. UTA moved to dismiss the case for a lack of subject matter jurisdiction, which the state court granted on June 8, 2020. Bullock appealed the dismissal, and the state court of appeals affirmed the dismissal on May 20, 2021. *Id.* ¶ 18–19.

Then, Bullock sued UTA in this Court, alleging that UTA violated Title IX of the Education Amendments of 1972, Title II of the Americans with Disabilities Act ("ADA"), and Rehabilitation Act of 1973 ("Rehabilitation Act") by its failure to accommodate her. Pl.'s Compl. ¶ 15. Bullock alleges, *inter alia*, that having the application of her accommodation denied originally caused her severe emotional distress and delayed her education by at least one year. *Id.* ¶ 16.

Defendant UTA moved to dismiss Bullock's claims, arguing that several theories preclude liability, including: sovereign immunity, the expiration of the statute of limitations, and Bullock's failure to state a claim upon which relief can be granted. *See generally* Def.'s Mot. to Dismiss, ECF No. 8. In response, Bullock withdrew her claim under Title IX, but she opposed the motion in each other respect. *See* Pl.'s Resp. at 10, ECF No. 13.

## LEGAL STANDARD

### A. Motion to Dismiss under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Parties "may neither consent to nor waive federal subject matter jurisdiction." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). The Constitution does not provide for "federal jurisdiction over suits against nonconsenting states." *Kimel v. Fla. Bd. of Regents*, 5287 U.S. 62, 73 (2000). States may

2

exercise sovereign immunity from suit unless it has been waived or Congress has validly abrogated it. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

"The burden of establishing subject matter jurisdiction [and resisting dismissal under Rule 12(b)(1)] rests upon the party asserting jurisdiction." *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 935 (5th Cir. 2012); *see also Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017). "If the record does not contain sufficient evidence to show that subject matter jurisdiction exists, 'a federal court does not have jurisdiction over the case.'" *Settlement Funding*, 851 F.3d at 537 (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)).

### B. Motion to Dismiss under Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." *Id.* 12(b)(6).

To prevail on a motion to dismiss pursuant to Rule 12(b)(6), a defendant must show that the plaintiff did not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is legally liable for the misconduct alleged, regardless of the likelihood of the assertions. *Id.* at 556–57. Plaintiff's factual pleadings must be more than "merely consistent with" a defendant's liability; they must show that the plaintiff is plausibly entitled to relief. *Id.* at 557.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim

for relief survives a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may also consider documents that a defendant attaches to a motion to dismiss if they are referenced in the plaintiff's complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

## ANALYSIS

When a court lacks subject matter jurisdiction, it cannot decide the merits of a claim; this is true even when the prevailing party on the merits is the same party asserting that the court lacks jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). Because jurisdiction must be determined first, *see id.*, the Court will first resolve UTA's assertion of sovereign immunity before turning to its argument that the statute of limitations bars Bullock's claims.

### A. UTA's sovereign immunity bars only Bullock's ADA claims.

While state sovereign immunity pre-exists the Constitution, the Eleventh Amendment confirms that there is no "Judicial power of the United States" over a suit "against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI; *see also Alden v. Maine*, 527 U.S. 706, 713 (1999). Thus, "as a public university," UTA is entitled to sovereign immunity. *See Duncan v. Univ. of Tex. Health Sci. Ctr. at Hous.*, 469 F. App'x 364, 366 (5th Cir. 2012). However, there are "two fundamental exceptions to the general rule that bars an action in federal court filed by an individual against a state:" (1) congressional abrogation or (2) state consent. *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 276–77 (5th Cir. 2005) (en banc). Congress can only abrogate this immunity if it is "unmistakably clear" in its language and if it "acts pursuant to a valid

4

exercise of its power under Section 5 of the Fourteenth Amendment." *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003). States may waive their sovereign immunity if the waiver is done so knowingly and voluntarily. *Pace*, 403 F.3d at 277–79.

1. Because Bullock does not allege a viable ADA claim, UTA's sovereign immunity has not been validly abrogated.

States are not immune from suits alleging violations of the ADA. 42 U.S.C. § 12202. However, the Supreme Court has narrowly interpreted this abrogation of state sovereign immunity to apply only to claims that a state's conduct "*actually* violates the Fourteenth Amendment." *United States v. Georgia*, 546 U.S. 151, 159 (2006). A court's analysis proceeds on a "claim-by-claim basis" using the three-part *Georgia* test to determine whether Title II validly abrogates state sovereign immunity.[1] *Block v. Tex. Bd. of Law Exam'rs*, 952 F.3d 613, 617 (5th Cir. 2020). *First*, courts must determine "which aspects of the State's alleged conduct violated Title II." *Id.* (quoting *Georgia*, 546 U.S. at 159). To satisfy this factor, a plaintiff must state a plausible claim under Title II. *Id.* at 617–18. *Second*, courts must determine "to what extent such misconduct also violated the Fourteenth Amendment." *Id.* at 617. *Finally*, courts must determine "whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid" if the Title II violation did not also violate the Fourteenth Amendment. *Id.*

"To establish a prima facie case of discrimination under the ADA, [Bullock] must show (1) [s]he is a 'qualified individual' under the ADA; (2) [s]he was excluded from participation in, or denied the benefits of, services, programs, or activities for which [UTA] is responsible; and (3) the exclusion was by reason of disability." *Id.* at 618. "Title II requires public entities to make 'reasonable modifications in policies, practices, or procedures' for disabled individuals." *Id.* (citing 28 C.F.R.

---

[1] In *Reickenbacker v. Foster*, the Fifth Circuit determined "that Title II of the ADA, as a whole," was not a valid abrogation of state sovereign immunity. 274 F.3d 974, 983 (5th Cir. 2001). However, the precedential value of *Reickenbacker* is unclear in light of subsequent caselaw. *See Block*, 952 F.3d at 617 (noting that the Fifth Circuit never decided "whether *Reickenbacker*'s holding remains valid in cases beyond that specific purview"); *see also Pace*, 403 F.3d at 277 n.14.

5

§ 35.130(b)(1)(7)(i)). "A public entity's failure to make a reasonable modification [(i.e., failure to accommodate)] may satisfy the second and third prongs of the prima facie case." *Id.*

Here, Bullock alleges that UTA failed to accommodate her because it did not provide her additional time as requested by her doctor. Pl.'s Compl. ¶ 15. To establish the prima facie case, she alleges that she is a "qualified individual" under the ADA because she suffers from "severe major depressive disorder" and PTSD. *Id.* ¶ 11. Under the ADA, a qualified individual is a person who suffers from a "physical or mental impairment that substantially limits one or more of the major life activities," which include "seeing, . . . *learning*, reading, *concentrating*, *thinking*, communicating, and *working*." 42 U.S.C. § 12102(2) (emphasis added). Bullock alleges that her PTSD and depressive disorder affect her education. *See* Pl.'s Compl. ¶ 11. She argues that the "low grades and stress" that resulted from not receiving the accommodation are evidence of her impairment. *Id.* ¶ 13. Although these allegations may be inadequate to show how Bullock's impairment limits her major life activities, "the applicable regulations make clear that PTSD will, in *most* cases, sufficiently limit a major life activity." *Epley v. Gonzalez*, 860 F. App'x 310, 313 (5th Cir. 2021). "[G]iven [its] inherent nature, it should easily be construed that post-traumatic stress disorder . . . substantially limit[s] brain function." *Id.* (citing 28 CFR § 35.108(d)(2)) (cleaned up). Accordingly, the Court concludes that Bullock pled sufficient facts to establish that she is a "qualified individual" under the ADA.

Next, arguing the second and third elements of the prima facie case, Bullock alleges that UTA denied her the accommodation of extra time on assignments. While the refusal to provide reasonable modifications may satisfy these elements, the right to reasonable accommodation is not the right to the "the 'best' accommodation possible" or "[Bullock's] preferred accommodation." *E.E.O.C. v. Agro Distrib., LLC*, 555 F.3d 462, 471 (5th Cir. 2009). Refusal to make accommodations apply retroactively is not a per se violation of the ADA. *See Maples v. Univ. of Tex. Med. Branch at Galveston*, 901 F. Supp. 2d 874, 882 (S.D. Tex. 2012).

6

In this case, UTA approved Bullock's accommodation request and provided her with two accommodation letters, granting her the additional time she was seeking. Pl.'s Compl. ¶¶ 11–13. Bullock's discrimination claim arises from a professor's refusal to "retroactively apply" the accommodation; this refusal, Bullock argues, caused her "negative grades . . . on certain assignments." *Id.* ¶ 13. Yet Bullock acknowledges that UTA offered her the opportunity to "retake the courses that she previously took . . . at no additional cost to her, to utilize the new grade she made in the course in calculating her GPA[,]" and to "refund[] her tuition and fees relating to one of the courses." *Id.* ¶ 14. Further, once Bullock gave her professor the second accommodation letter, her professor accommodated her as requested. Bullock does not plead any facts showing why these accommodations are unreasonable or inadequate. The only accommodation UTA did not provide was forcing the professor to retroactively apply the additional time to assignments already completed. Standing alone, UTA's refusal to apply the accommodations retroactively is not a violation of the ADA. *See Maples*, 901 F. Supp. 2d at 882. Bullock does not allege that she was discriminated against as a qualified individual in any other way. Thus, she did not plead facts to support the second element of the prima facie case of discrimination.

Bullock, therefore, failed to establish the prima facie case of discrimination based on a plausible violation of the ADA and her claim fails the first step of the *Georgia* test.[2] Accordingly, UTA is entitled to

---

[2]Because the facts of this case do not require the analysis to proceed beyond the first step of the *Georgia* test, the Court need not decide whether the accommodation obligation imposed by Title II of the ADA, as it relates to non-fundamental rights, exceeds that imposed by the Constitution and is therefore not a valid abrogation of state sovereign immunity. *Block*, 952 F.3d at 617 n.11.

However, as this Court has noted before, "the Supreme Court has never before recognized access to public education[] or freedom from disability discrimination in education[] to be fundamental rights, [and the Fifth Circuit has never clarified] whether the holding in *Lane* extends to disability discrimination in access to public education." *Knighton v. Univ. of Texas at Arlington*, No. 4:18-CV-00792-P, 2020 WL 1493554, at *6 (N.D. Tex. Mar. 27, 2020) (Pittman, J.) (quoting *Pace*, 403 F.3d at 287). Accordingly, it is unlikely that this Court would have found a valid abrogation of state sovereign immunity under the final *Georgia* test step, even if Bullock stated a plausible claim under the ADA.

7

sovereign immunity because the ADA does not validly abrogate it in this instance.

2. <u>UTA has waived sovereign immunity for Bullock's claims under the Rehabilitation Act.</u>

The Rehabilitation Act also contains a sovereign immunity exception for any "recipients of Federal financial assistance." 42 U.S.C. § 2000d-7. Because this provision is a use of Congress's spending power, and not its Section 5 authority, a court only needs to determine if the state waived its immunity as a condition of receiving the funds "knowingly" and "voluntarily." *See Pace*, 403 F.3d at 280–281. The Fifth Circuit has already concluded that educational institutions validly waive sovereign immunity when they receive federal funds under Rehabilitation Act. *See id.*; *see also Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 453–54 (5th Cir. 2005). Bullock alleges that UTA is the recipient of federal funding, which UTA does not dispute. Pl.'s Compl. ¶ 15.

UTA argues that acceptance of federal funds does not "automatically constitute a waiver" of its sovereign immunity. Def.'s Reply at 2, ECF No. 18. However, this argument relies solely on interpreting the Rehabilitation Act's authorization for suit, 29 U.S.C. § 722(c), as insufficient to constitute "knowing and voluntary waiver." *Id.* (citing *Hurst v. Tex. Dep't of Assistive & Rehab. Servs.* 482 F.3d 809, 811 (5th Cir. 2007)). UTA ignores the clear conditional funding provision that the Fifth Circuit has already upheld as a valid waiver of immunity. 42 U.S.C. § 2000d-7; *see Pace*, 403 F.3d at 280–281. UTA's only counterargument on this point is that the overturned panel decision in *Pace*, 325 F.3d 609, 615 (5th Cir. 2003), did not find waiver. Def.'s Reply at 3. UTA also relies on the state proceedings, which explicitly found a lack of waiver only to federal claims under the Rehabilitation Act *in state court. Bullock v. Univ. of Tex. at Arlington*, No. 02-20-00212-CV, 2021 WL 2006030, at *3–6 (Tex. App.—Ft. Worth, 2021, no pet.) (mem. op.). None of these arguments controvert the clear waiver of immunity under § 2000d-7. Accordingly, the Court concludes that UTA waived sovereign immunity for Rehabilitation Act claims.

8

### B. The statute of limitations bars Bullock's claims.

The statute of limitations for claims under the ADA and Rehabilitation Act is two years. *See Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011) (concluding that because neither federal law has its own limitations period, the statute of limitations for personal-injury tort claims, the closest analogous state claim, applies). A claim accrues when "the plaintiff becomes aware that [s]he has suffered an injury." *Id.* at 238. Here, UTA asserts, and Bullock concedes, that Bullock's claims "accrued no later than December 2018" when she received her grades from the Fall 2018 courses. Def.'s Mot to Dismiss at 10; Pl.'s Resp.¶ 18. Accordingly, the statute of limitations for Bullock's claims would run in December 2020. This case was filed on July 16, 2021, after the deadline. *See generally* Pl.'s Compl.

Plaintiff argues that Texas's "savings clause" tolls the statute of limitations. Pl.'s Resp. ¶¶ 19–21. Bullock states that she timely filed an action against UTA in state court on October 14, 2019. *Id.* ¶ 18. The state court dismissed her case on June 8, 2020 for lack of jurisdiction, which was affirmed by the appellate court on May 20, 2021. *Id.* ¶ 19. Texas law allows a plaintiff a grace-period of sixty days after a dismissal for lack of jurisdiction becomes final to file her action in a court with jurisdiction. TEX. CIV. PRAC. & REM. CODE § 16.064(a). A state law savings clause may apply when the relevant federal law provides no specific limitations period. *See Frame*, 657 F.3d at 237; *see also* 4 Charles Alan Wright & Arthur R. Miller, 4 FED. PRAC. & PROC. CIV. § 1056 (4th ed.). Because neither the ADA nor the Rehabilitation Act have specific federal limitations periods, Texas's savings clause will apply. *See Frame*, 657 F.3d at 237. UTA's argument that equitable tolling does not apply is irrelevant because there is an on-point statutory tolling provision.

UTA argues that the dismissal became "final" when the state district court dismissed the case, not when the Court of Appeals affirmed the dismissal, so Bullock has missed her sixty-day window to file under the tolling statute. A judgment's finality is assessed differently, "depending on the context." *Long v. Castle Tex. Prod. Ltd.*, 426 S.W.3d 73, 78 (Tex. 2014). Texas courts generally find that, in the context of a savings clause analysis, a judgement is final when "it disposes of all issues and parties

in the case and the court's power to alter the judgment has ended." *Oscar Renda Contracting, Inc. v. H & S Supply Co., Inc.*, 195 S.W.3d 772, 773, 776 (Tex. App.—Waco 2006, pet. denied) (citing *Street v. Honorable Second Ct. of Appeals*, 756 S.W.2d 299, 301 (Tex. 1988)). Further, a judgment may be final "despite the taking of an appeal." *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 13). Even construing this statute liberally, the dismissal became final when the trial court's "plenary power over its judgment of dismissal expired." *Oscar Renda Contracting, Inc.*, 195 S.W.3d at 777. Thus, the dismissal became final on July 7, 2020, thirty days after the judgment was signed. *See* TEX. R. CIV. P. 329b.

Bullock filed this case on July 16, 2021. *See generally* Pl.'s Compl. The sixty-day grace period after Bullock's first action was dismissed ended on September 5, 2020, and the statute of limitations expired in December 2020. Bullock filed this action after the savings clause expired and the statute of limitations. Accordingly, her claims must be dismissed.

### C. Bullock abandoned her Title IX claims.

UTA argues that Bullock did not plead any facts that would support sex discrimination and that she therefore failed to state a claim under Title IX. Def.'s Mot. to Dismiss at 12. In response, Bullock stated that she would amend the complaint to remove these claims and did not contest UTA's argument. Pl.'s Resp. ¶ 23. Failure to pursue or to defend a claim in response to a motion to dismiss constitutes waiver or abandonment of that claim. *Vela v. City of Houston*, 276 F.3d 659, 678–79. Because Bullock agreed to remove the Title IX claims in an amended complaint, she has abandoned them. Accordingly, her Title IX claims are subject to dismissal. Because Bullock's claims are barred by sovereign immunity and the statute of limitations, allowing her to amend the complaint would be futile.

### CONCLUSION

For the foregoing reasons, the Court concludes that Defendant University of Texas Arlington's Motion to Dismiss (ECF No. 8) should be, and it is hereby, **GRANTED.** Accordingly, Plaintiff Toni Marie

10

Bullock's claims under the Americans with Disabilities Act and Title IX are **DISMISSED without prejudice.** Finally, Plaintiff Toni Marie Bullock's claims under the Rehabilitation Act are **DISMISSED with prejudice.**

**SO ORDERED** on this **10th day** of **December, 2021.**

*[signature: Mark T. Pittman]*

Mark T. Pittman
United States District Judge