FILED
March 11, 2024
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

# United States Court of Appeals for the Fifth Circuit

_____

No. 22-10013
_____

Toni Marie Bullock,

*Plaintiff—Appellant*,

versus

The University of Texas at Arlington,

*Defendant—Appellee*.

United States Court of Appeals
Fifth Circuit
**FILED**
February 15, 2024
Lyle W. Cayce
Clerk

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CV-864

_____

Before Davis, Dennis, and Higginson, *Circuit Judges*.

Per Curiam:[*]

  Plaintiff Tony Marie Bullock filed suit against the University of Texas at Arlington ("UT Arlington") alleging that UT Arlington violated Title IX of the Education Amendments of 1972 ("Title IX"), Title II of the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act of 1973 ("Rehabilitation Act") by failing to accommodate her. The district court dismissed Plaintiff's ADA claim as barred by sovereign immunity and

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10013

her Rehabilitation Act claim as barred by the statute of limitations. The district court also found that Plaintiff abandoned her Title IX claim. Plaintiff only appeals the dismissal of her Rehabilitation Act claim on statute of limitations grounds. For the following reasons, we REVERSE and REMAND for further proceedings.

## I. Background

Plaintiff is a student at UT Arlington who suffers from severe major depressive disorder and post-traumatic stress disorder. In March 2018, Plaintiff received an accommodation letter from UT Arlington granting her requested accommodations: extended time for both examinations and to complete assignments.

During the Fall 2018 semester, Plaintiff sent the accommodation letter to one of her professors, Professor Durand. However, the letter was sent to Professor Durand's personal e-mail address rather than her university e-mail address and Professor Durand denied having seen the accommodation letter. Plaintiff did not receive accommodations in her courses taught that semester by Professor Durand. After UT Arlington issued a new accommodation letter that was sent to Professor Durand, Professor Durand acknowledged receipt of both accommodation letters, but refused to retroactively apply them, resulting in poor grades for Plaintiff on assignments completed without her requested accommodations. Because of Professor Durand's refusal to retroactively grant Plaintiff her requested accommodations, Plaintiff alleges that her emotional condition deteriorated. Further, Plaintiff received a failing grade and her performance suffered in all of her Fall 2018 classes taught by Professor Durand.

As a result, Plaintiff filed suit against UT Arlington in state court on October 14, 2019, seeking compensatory damages for her emotional distress and delayed educational opportunities. UT Arlington moved to dismiss the

No. 22-10013

case for lack of subject-matter jurisdiction, which the state court granted on June 8, 2020. Plaintiff timely appealed. On May 20, 2021, the state court of appeals affirmed the dismissal.

Plaintiff brought the instant lawsuit against UT Arlington in federal district court on July 16, 2021, alleging violations of Title IX, the ADA, and the Rehabilitation Act. UT Arlington moved to dismiss Plaintiff's complaint. Relevant to this appeal, the district court granted UT Arlington's motion to dismiss, finding that the two-year Texas statute of limitations barred Plaintiff's Rehabilitation Act claim. In doing so, the district court determined that although Texas's savings clause applied to toll the limitations period, Plaintiff filed this action after the savings clause expired and the statute of limitations barred her Rehabilitation Act claim. The district court entered final judgment dismissing her claim and she timely appealed.

## II. Discussion

Plaintiff only appeals the district court's dismissal of her Rehabilitation Act claim on statute of limitations grounds,[1] which we review de novo. *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000). We apply Texas's two-year personal-injury statute of limitations for claims under the Rehabilitation Act. *Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011). A claim accrues when "the plaintiff becomes aware that [s]he has suffered an injury." *Id.* at 238 (internal citation omitted). The parties agree that Plaintiff's claim accrued in December 2018, when she received her

---

[1] Plaintiff does not challenge whether she alleged a viable ADA claim that validly abrogates UT Arlington's sovereign immunity, or whether she did indeed abandon her Title IX claim. Because Plaintiff's brief does not raise either issue, they are waived. Failure adequately to brief an issue on appeal constitutes waiver of that argument. *See* Fed. R. App. P. 28(a)(8)(A); *Proctor & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004) (internal citations omitted).

No. 22-10013

grades for the Fall 2018 courses. The statute of limitations, excluding any relevant tolling, would have run in December 2020. The complaint in this case was filed on July 16, 2021. In the absence of applicable tolling, Plaintiff's action was brought far beyond the two-year deadline.

Plaintiff contends, however, that the Texas savings clause applies and tolls the statute of limitations. Section 16.064 of the Texas Civil Practice and Remedies Code allows a plaintiff a grace period of sixty days to file in a court of proper jurisdiction after a dismissal for lack of jurisdiction becomes final. TEX. CIV. PRAC. & REM. CODE § 16.064. This provision tolls the statute of limitations for a party who has inadvertently filed a case in a trial court that lacks jurisdiction, functioning to give parties another opportunity to pursue their claims in a court of proper jurisdiction. Specifically, the statute states:

> (a) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:
>
> (1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and
>
> (2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.

TEX. CIV. PRAC. & REM. CODE § 16.064.

Both parties agree that this provision applies.[2] The only issue on appeal is identifying when the judgment of dismissal in Plaintiff's state court action became "final" for the purposes of Section 16.064(a)(2). The district court found that "[e]ven construing this statute liberally, the dismissal

---

[2] On appeal, UT Arlington "concedes that Texas's savings clause applies."

No. 22-10013

became final when the trial court's 'plenary power over its judgment of dismissal expired.'" Therefore, the district court said it found that the judgment of dismissal became "final" thirty days after the judgment dismissing Plaintiff's first action was signed on July 7, 2020. Plaintiff argues that this interpretation was erroneous. She argues instead that the state trial court's judgment dismissing her Rehabilitation Act claim did not become final until the state appellate court affirmed that judgment and its plenary power to alter that judgment expired.

When faced with this same issue, another panel of our court certified questions to the Supreme Court of Texas. *Sanders v. Boeing Co.*, 68 F.4th 977 (5th Cir. 2023). Specifically, the *Sanders* panel certified two questions to the Supreme Court of Texas, the second of which was whether "Plaintiffs file[d] this lawsuit within sixty days of when the prior judgment became 'final' for purposes of Texas Civil Practice & Remedies Code § 16.064(a)(2)?" *Id.* at 984. Both parties in this instant case agreed that the second question certified in *Sanders* appeared to present the same issue and that the Supreme Court of Texas's answer to this question would likely be dispositive.[3]

Plaintiff's interpretation carried the day. The Supreme Court of Texas held that "a dismissal or other disposition 'becomes final' under Section 16.064(a)(2) when the parties have exhausted their appellate remedies and the courts' power to alter the dismissal has ended." *Sanders v. Boeing Co.*, 680 S.W.3d 340, 358 (Tex. 2023). The court also explained that "the dispute still exists until this Court loses power to act on any timely filed

---

[3] When asked whether the second certified question in *Sanders* presented the same issue as this case, Plaintiff stated that "our case does present the same issue of when the sixty days under Texas Civil Practice & Remedies Code § 16.064 begins to run." UT Arlington responded similarly, stating that "the second certified question appears to present the same issue in this case."

No. 22-10013

petition for review." *Id.* at 356 (citing *Freeport-McMoRan Oil & Gas LLC v. 1776 Energy Partners, LLC*, 672 S.W.3d 391, 398–99 (Tex. 2023) (explaining that decisions only become "final" when the mandate issues because "[u]ntil then, the dispute still existed because [a party] could file a motion for rehearing and convince us to change our opinion and judgment")). Thus, we hold that, in accordance with the Supreme Court of Texas's opinion, the dismissal of Plaintiff's state court case was not "final" for the purposes of Section 16.064(a)(2) until the state appellate court's plenary power to alter the judgment had expired.

Plaintiff's initial state court suit was filed on October 14, 2019. The state trial court dismissed her case on June 8, 2020, for lack of jurisdiction. The dismissal was affirmed by the state appellate court on May 20, 2021. The appellate court's plenary power expired on July 19, 2021. *See* TEX. R. APP. P. 19.1(a). Under the Texas Supreme Court's interpretation of Section 16.064(a)(2), Plaintiff had sixty days from July 19, 2021, in which she could refile her action in a court of proper jurisdiction. Plaintiff filed this instant lawsuit on July 16, 2021, before the state appellate court's plenary power expired and well within the sixty-day grace period. Therefore, Plaintiff's Rehabilitation Act claim is not barred by the statute of limitations. For the foregoing reasons, we REVERSE and REMAND for further proceedings consistent with this opinion.